**In re Scott M. ZIMMERMAN, Debtor.**

**Cynthia Holland, Individually and as Trustee of the Michael T. Holland, Inc. Pension Plan and Trust; Michael Holland, Individually and as Trustee of the Michael T. Holland, Inc. Pension Plan and Trust, William Keller, Suzanne Keller, Suzan Latona, Carmen Latona, Ed Hall, William Klump, Robert Thorn, Wayne Witter, Jo Ann Worrell, and Richard Worrell, Plaintiffs,**

v.

**Scott M. Zimmerman, Defendant.**

**Bankruptcy No. 05–83637.
Adversary No. 06–06047.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 19, 2006.

James C. Cifelli, Chris D. Phillips, Lamberth, Cifelli, Stokes & Stout, P.A., Atlanta, GA, for Plaintiff.

Frank A. Lightmas, Lightmas & Delk, Atlanta, GA, for Plaintiff Cynthia Holland.

Stephen J. Sasine, Atlanta, GA, for Defendant/Debtor.

Thomas R. Todd, Jr., Atlanta, GA, for Mid–South Capital, Inc.

Edwin K. Palmer, Decatur, GA, for trustee.

## ORDER

PAUL W. BONAPFEL, Bankruptcy Judge.

The chapter 7 Debtor was a registered securities salesperson and investment adviser representative with MidSouth Capital, Inc. ("MidSouth"), a broker-dealer and member of the National Association of Securities Dealers ("NASD"). The Debtor advised the Plaintiffs with regard to their investment accounts with MidSouth.

The Plaintiffs claim that they collectively lost in excess of $1 million as a result of their investments, in reliance on the Debtor's recommendation, in Get Long? LP ("Get Long"), a Georgia limited partnership that the Debtor controlled. To recover these losses, the Plaintiffs initiated arbitration proceedings in July 2005 before the NASD against the Debtor, MidSouth, and others. The Plaintiffs assert that the Debtor represented that Get Long was a conservative investment with minimal risk, that it was a safe investment because of controls designed to prevent losses, and that it was designed to produce superior returns; that Get Long was actually a hedge fund and vehicle used by the Debtor to engage in high risk, speculative trading; and that the Debtor did not tell them that money invested in Get Long would be placed in high risk, speculative, or aggressive investments or that they stood a significant chance of losing most, or all, of their investments.

The Plaintiffs timely filed their complaint to determine that the Debtor's liability to them is excepted from discharge under 11 U.S.C. §§ 523(a)(2), (4), or (6). At the same time, the Plaintiffs filed a motion to lift the automatic stay of 11 U.S.C. § 362(a) to permit them to prosecute the pending arbitration proceedings and to stay this adversary proceeding in the meantime. There is no dispute that the Plaintiffs' claims are arbitrable before

the NASD. Thus, absent the Debtor's bankruptcy filing, the Federal Arbitration Act would require a court to compel arbitration of the Plaintiffs' claims, 9 U.S.C. § 4, and to stay litigation of the claims pending the arbitration. 9 U.S.C. § 3.

The Arbitration Act establishes a federal policy favoring arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and generally requires a court to stay its proceedings pending arbitration. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Nevertheless, the "Arbitration Act's mandate may be overridden by a contrary congressional command." *Id.* Thus, if a core proceeding in a bankruptcy case involves provisions of the Bankruptcy Code that "inherently conflict" with the Arbitration Act or if arbitration of a claim will "necessarily jeopardize" the objectives of the Bankruptcy Code, a bankruptcy court may determine that, "with respect to the particular Code provision involved, Congress intended to override the Arbitration Act's general policy favoring the enforcement of arbitration agreements." *See MBNA America Bank, N.A. v. Hill (In re Hill)*, 436 F.3d 104, 108 (2d Cir.2006). *See also Hays v. Equitex, Inc. (In re RDM Sports Group, Inc.)*, 260 B.R. 905, 912–14 (Bankr.N.D.Ga.2001); *Durango Georgia Converting, LLC v. TST Impreso, Inc. (In re Durango Georgia Paper Co.)*, 309 B.R. 394, 401 (Bankr.S.D.Ga.2004).

The Debtor, joined by MidSouth, opposes arbitration on the ground that the "fresh start" policy of the Bankruptcy Code requires that this Court determine dischargeability of the alleged debts so that, if they are not excepted, the Debtor will not be required to bear the burden of defending the arbitration proceedings. Moreover, the Debtor notes that he will not have certain procedural protections in the arbitration proceedings that he enjoys under bankruptcy. For example, the rights of parties in the arbitration proceedings to take discovery are limited, the arbitrators are not bound by rules of evidence, no reasons for the award need be given, and there is limited judicial review of the award.

At the hearing on the motion, the Court heard argument from the parties, who agreed that the motion could be decided on the basis of the record before the Court. The Court indicated that, based on bankruptcy policy considerations, it was inclined to deny the motion and to conduct a trial on dischargeability prior to the first arbitration proceeding scheduled for August 14, but reserved ruling and permitted the parties to file additional briefs on the issues.

Following the hearing, the Plaintiffs filed a motion to amend their complaint to add 11 U.S.C. § 523(a)(19) as an additional ground for excepting the alleged debts from discharge. The Court has entered a separate order granting the motion.

The Court's inclination was based on its concern that determination of dischargeability of a debt is a core proceeding that is of critical importance to the "fresh start" that the Bankruptcy Code promises to the honest but unfortunate debtor. That promise is impaired if a bankruptcy court sends a debtor to another forum to obtain rights that the Bankruptcy Code confers. Bankruptcy law protects the Debtor's interests in this regard by permitting the Debtor to seek a dischargeability determination with regard to any debt in the bankruptcy court, 28 U.S.C. §§ 157(b)(2)(I), 1334(b); FED. R. BANKR.P. 4007(a). Specifically, a debt is not excepted from discharge under § 523(a)(2), (4), or (6)—the provisions invoked by the Plaintiffs prior to amendment of their com-

plaint—unless the bankruptcy court itself makes that determination on the timely request of the creditor. 11 U.S.C. § 362(c)(1); FED. R. BANKR.P. 4007(c).

■ Because the discharge is a critical, if not the central, objective of an individual's bankruptcy filing, arbitration of issues relating to dischargeability inherently conflicts with bankruptcy law that expressly provides for, and in some instances requires, the bankruptcy courts to make dischargeability determinations and necessarily jeopardizes the Debtor's interests in having dischargeability and other issues relating to the "fresh start" determined in one forum with particularized expertise to do so. Under these principles, a bankruptcy court ordinarily should decline to relinquish its jurisdiction over dischargeability issues and should deny a request to modify the stay to permit arbitration to proceed.

■ But the Plaintiffs' amendment of their complaint to invoke the dischargeability exception in § 523(a)(19) requires that an exception to this general rule be made here. As amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), § 523(a)(19) provides (italicized words added by BAPCPA): [1]

(a) A discharge ... does not discharge an individual from any debt—

(19) that—

(A) is for—

(i) the violation of any of the Federal securities laws ..., any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, *before, on, or after the date on which the petition was filed,* from—

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

Section 523(a)(19) expressly contemplates a postpetition determination of liability by a nonbankruptcy forum for debts resulting from securities law violations as well as common law fraud, deceit, or manipulation in connection with the purchase or sale of a security. Importantly, § 362(c)(1) does not require the bankruptcy court to determine nondischargeability. Taken together, therefore, § 523(a)(19) and § 362(c)(1) express a Congressional determination that creditors asserting a debt of this nature have the right to pursue their claims under nonbankruptcy law in other courts, notwithstanding the bankruptcy filing.

If the basis for a debtor's liability is violation of Federal or State securities laws or common law fraud, deceit, or manipulation in connection with the purchase or sale of a security, there is no bankruptcy policy that competes with the policy of

---

**1.** The Debtor's case filed on October 15, 2005, is not governed by most of BAPCPA's amendments, which did not become effective until October 17, 2005, which was six months after its enactment. BAPCPA § 1501(a). The amendments to § 523(a)(19), however, made by BAPCPA § 1404(a), became effective as of the date of enactment of the Sarbanes–Oxley Act, which was July 30, 2002. BAPCPA § 1404(b).

the Arbitration Act that generally requires courts, including bankruptcy courts, to order arbitration of disputes. Arbitration of claims within the exception of § 523(a)(19) is not inconsistent with any provision of the Bankruptcy Code and does not jeopardize its objectives because this section contemplates the determination of these issues by another forum. Consequently, it is appropriate to modify the automatic stay of § 362(a) to permit the Plaintiffs to proceed with arbitration and to stay this proceeding pending the conclusion of arbitration of their claims of the type described in § 523(a)(19).

The Plaintiffs assert other legal theories for their claims, including misrepresentation and negligent misrepresentation, breach of contract and breach of duty, breach of fiduciary duty, suitability and failure to diversify, and breach of an agent's duty to conduct a principal's business solely for the benefit of the principal. Section 523(a)(19) may not apply to these claims; if it does not, the Court will have to determine dischargeability under § 523(a)(2), (4), or (6). As discussed above, the general rule applicable to this category of allegedly nondischargeable debts is that this Court should determine dischargeability before permitting arbitration if the debts are nondischargeable. At the same time, having litigation proceed simultaneously in two tribunals, with § 523(a)(19) claims prosecuted before the arbitrators and remaining claims tried here, is not prudent. Such bifurcation could lead to squabbles over what claims should be tried where. It is unlikely that there are facts peculiar to only one of the two sets of legal theories. Because of the possible confusion and difficulties that splitting the proceedings would create and because of the advantages of presenting all evidence and issues together, it is appropriate to permit the arbitrators to hear all claims in the first instance. Accordingly,

the Court will exercise its discretion to modify the stay with regard to the non–§ 523(a)(19) claims so that the Plaintiffs may present all issues relating to their alleged losses in the arbitration proceedings.

The Plaintiffs have invoked the jurisdiction of this Court to determine the dischargeability of debts under § 523(a)(19) as well as under § 523(a)(2), (4), and (6). The Court will retain that jurisdiction. Consequently, the Court will not modify the stay to permit the arbitrators to determine that any debt is excepted from discharge, and it will remain in effect with regard to those issues.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. The automatic stay of 11 U.S.C. § 362(a) is hereby modified to permit the Plaintiffs to proceed with arbitration proceedings against the Debtor, provided, however, that the stay shall remain in effect with regard to determination of whether any debt owed to the Plaintiffs is excepted from discharge.

2. This adversary proceeding is stayed until further order of the Court. Any party may move for relief from this stay for cause shown. Within ten days of the rendition of an award in any arbitration proceeding, counsel for the Plaintiffs shall file a copy of the award with the Court together with recommendations as to how further proceedings in this adversary proceeding should be conducted. Within ten days after service of such recommendations, counsel for Debtor shall file his recommendations. The Court will then give further direction as may be appropriate.

3. Beginning on September 15, counsel for the Plaintiffs shall file quarterly reports summarizing the status of the arbitration proceedings.

4. The Court reserves the right, on its own motion or on the request of any party, to modify this Order in the interests of the proper and efficient administration of the Debtor's bankruptcy case and this adversary proceeding and of insuring that determination of the dischargeability of the alleged debts is not unduly delayed.

The Clerk is directed to mail a copy of this Order to the persons shown on the attached Distribution List.

IT IS SO ORDERED.